Certain portions of the language in the lead opinion, read liberally, would make it virtually impossible for a disbarred lawyer ever to become eligible for reinstatement to the practice of law in Alabama. That is an extreme proposition.
Neither the Bar nor this Court should reject arbitrarily the plea of the truly penitent; nor should we begin with the proposition that some malfeasors are beyond redemption. "Vengeance is mine; I will repay, saith the Lord." Rom. 12:19. Although it is sometimes cast upon mortals to do the work of God on Earth, they should not arrogate unto themselves the divine privilege of vengeance. A legal system that imposes and carries out harsh judgments but lacks the capacity of forgiveness may find itself the object of the Lord's vengeance.
Disbarment is a harsh punishment; yet it is proper for certain offenses. While the offenses must be dealt with sternly, the system must reserve the right to deal mercifully with the offender. I would recognize more the role of mercy and forgiveness than does the law as cited in the lead opinion; therefore, I cannot join that opinion. Nevertheless, considering the facts of this case, I concur in the judgment denying reinstatement.